**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| **Plaintiff,** | } } | **CIVIL ACTION NO.** 7:15-cv-00160 |
| **v.** | } } | **COMPLAINT** |
| REGIS CORP., d/b/a SMARTSTYLE FAMILY HAIR SALON, | } } } | |
| **Defendant.** | } } } } | **JURY TRIAL DEMANDED** |

**NATURE OF THE ACTION**

        This is an action under Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Nora Jacquez, who was adversely affected by such practices.  Specifically, Defendant discriminated against Ms. Jacquez by failing to accommodate her disability, which led to her termination.

**JURISDICTION AND VENUE**

        1.        Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(1) and (3) of Title VII of the Civil Rights Act of 2064 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 2081a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Texas**,** Midland/Odessa Division.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Regis Corp., d/b/a SmartStyle Family Hair Salon ("Defendant"), has continuously been and is now doing business in the State of Texas and has continuously employed at least fifteen employees.

5.      Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. Section 12111(5), and Section 101(7) of the ADA, 42 U.S.C. Section 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. Section 2000e(g) and (h).

6.      At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Nora Jacquez filed a charge with the Commission alleging violations of Title I of the ADA by the Defendant.

8.      On May 11, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join

with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On August 26, 2015, the EEOC issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the initiation of this lawsuit have been fulfilled.

13.     Nora Jacquez was hired by Defendant on or about January 3, 2014, to perform the position of Hair Stylist at Defendant's Midland hair salon.

14.     From the date of Ms. Jacquez' hire to the present, she has suffered from the anxiety disorder of claustrophobia, which substantially limits her in the major life activities of speaking, concentrating, thinking, and interacting with others.

15.     Since in or about March 2014, the Defendant has engaged in conduct in violation of Section 102(a) and 102(b) of Title I of the ADA, 42 U.S.C. § 12112(a), 42 U.S.C. Sec. 12112(b)(5)(A), and 42 U.S.C. Sec. 12111(9)(B), by failing to accommodate Ms. Jacquez's disability by moving her to an outside work station.

a.  At or about the time Ms. Jacquez was hired by Defendant, she requested a reasonable accommodation for her claustrophobia, specifically, she requested that she be allowed to work at a work station that was not located between two other stations. The request was initially granted by Defendant.

3

b.   In or about March 2014, Defendant ended the accommodation by moving Ms. Jacquez's work station.  Citing her disability, Ms. Jacquez made multiple accommodation requests to be moved back to an outside station. All of these requests were denied by Defendant.

c.   As a result of Defendant's failure to accommodate Ms. Jacquez's disability, her symptoms were exacerbated and she was hospitalized. Thereafter, she consulted with a physician, who prescribed a 60-day treatment plan for Ms. Jacquez's disability, during which time she would not be able to work.

d.   Ms. Jacquez presented the physician's note to Defendant and was told that she would need to apply for medical leave under the Family Medical Leave Act ("FMLA"). Ms. Jacquez did not receive the expected assistance from her employer with regard to the processing of the FMLA request.  Shortly thereafter, Defendant terminated Ms. Jacquez's employment on or about April 14, 2014.

16.   Had Defendant accommodated Ms. Jacquez on the job, she would not have needed time off work due to her disability.  Respondent's failure to further accommodate her, by denying her the assistance she needed to obtain a medical leave for treatment,  led to her termination, in violation of the ADA.

17.   The effect of the practices complained of in paragraphs 15 through 16, above, has been to deprive Nora Jacquez of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

18.   The unlawful employment practices complained of in paragraphs 15 through 16, above, were intentional.

19.    The unlawful employment practices complained of in paragraphs 15 through 16, above, were committed with malice or with reckless indifference to the federally protected rights of Nora Jacquez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant, its owners, officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.    Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order the Defendant to make whole Nora Jacquez, by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, front pay, pecuniary losses, compensatory damages including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Nora Jacquez.

D.    Order the Defendant to make Nora Jacquez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 through 16, above, including but not limited to out of pocket medical expenses and job hunting expenses.

E.    Order the Defendant to make Nora Jacquez whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 15 through 16, above, including but not limited to, emotional pain, suffering,

inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

      F.     Order the Defendant to pay Nora Jacquez punitive damages for its intentional, malicious conduct or reckless indifference described and referenced in paragraphs 15 through 16, above, in an amount to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper in the public interest.

      H.     Award the Commission its costs in this action.

## <u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Toby W. Costas
TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

/s/Devika Seth
DEVIKA SETH
Senior Trial Attorney
District of Columbia Bar No. 975161

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2764
Fax No. (214) 253-2749